UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMAL GWYNN,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | Case No. 3:18-cv-00129-MMD-WGC<br><br>**ORDER** |

Before the court is Plaintiff's Application to Proceed in Forma Pauperis (IFP) (ECF No. 1) and pro se Complaint (ECF No. 1-1).

## **I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,*

335 U.S. 331, 339 (1948).

> When a prisoner seeks to proceed without prepaying the filing fee:
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> (1) … [I]f a prisoner brings a civil action…[IFP], the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $24.88, and his average monthly deposits were $50.67.

Plaintiff's application to proceed IFP is granted. He is required to pay an initial partial filing fee in the amount of $10.13 (20 percent of $50.67). Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

"The court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

- 2 -

In addition, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A(b)(1), the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

The caption of Plaintiff's complaint names the Las Vegas Metropolitan Police Department as well as Officer Patrick Sherwood, but the body of the complaint names only Officer Patrick Sherwood. Plaintiff alleges that on May 6, 2016, he got out of a vehicle and began to flee from Officer Sherwood. (ECF No. 1-1 at 4.) About a minute later, Sherwood screamed that he would shoot Plaintiff in the back, and Plaintiff claims he proceeded to give up or surrender by placing his hands over his head in the air, and then slowly laid down on his stomach in some grass. (*Id*.) At that point, Plaintiff alleges that Sherwood began to kick Plaintiff in the ribs, groin and head. (*Id*.) Plaintiff then got up and began to feel again, and ran to Sherwood's vehicle, jumping inside and shutting the door. (*Id*.) Sherwood proceeded to fire through the driver's side window, hitting Plaintiff, causing him to lose consciousness. (*Id*.) When he regained consciousness, Plaintiff avers that Sherwood walked in front of the vehicle and fired his gun again. (*Id*.) Plaintiff alleges that Sherwood was not in any danger when excessive force was utilized against Plaintiff. (*Id*. at 5.) Plaintiff goes on to assert that the police department knew or should have known that condoning Sherwood's actions was illegal. (*Id*. at 6.) He mentions the body camera being absent, as well as the patrol vehicle camera. (*Id*.) Plaintiff was later treated at the hospital for head wounds and multiple gunshot wounds. (*Id*.)

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Claims of excessive force during an arrest or other seizure of a free citizen are evaluated under the Fourth Amendment and apply an "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 295 (1989).

Plaintiff states a colorable Fourth Amendment excessive force claim against defendant Sherwood.

Plaintiff seeks to recover damages for the alleged unconstitutional conduct. On the face of the complaint, he does not appear to be challenging the fact of his arrest or incarceration so as to render a conviction or sentence invalid; therefore, his claim does not appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), or its progeny. In other words, Plaintiff does not allege that Sherwood was not justified in arresting him; rather, he claims that Sherwood was unjustified in using deadly force.

It is not clear whether Plaintiff intends to proceed against the Las Vegas Metropolitan Police Department or not since it is named in the caption, but not the body of the complaint, and the only allegation as to the department is that it knew or should have known that condoning Sherwood's actions was illegal.

A plaintiff seeking to hold municipal defendants liable for constitutional violations under section 1983 cannot do so on a respondeat superior theory (a legal doctrine used to hold an employer responsible for the wrongful acts of its employee when the acts occurred during the scope of employment), but instead must allege that his constitutional rights were violated pursuant to a policy, practice or custom of the municipal defendant. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). This requires "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (en banc), *cert. denied*, 137 S.Ct. 831 (Jan. 23, 2017) (internal citation and quotation marks omitted).

There are no allegations that the Las Vegas Metropolitan Police Department had a policy, practice or custom that directly resulted in the alleged violation of Plaintiff's constitutional rights. As such, the Las Vegas Metropolitan Police Department, to the extent named a defendant in the caption, will be dismissed without prejudice from this action. Plaintiff may amend his complaint within the parameters of Federal Rule of Civil Procedure 15 and Local Rule 15-1 if he wants to state a viable claim against the municipal defendant. Plaintiff is advised that the correct defendant would be the City of Las Vegas and not the police department because a department of a municipal government cannot sue or be sued. *See Schneider v. Elko County Sheriff's Dep't*, 17 F.Supp.2d 1162, 1165 (D. Nev. 1998). If Plaintiff does amend his complaint to assert a claim against a

municipal defendant, he must include factual allegations that comply with the dictates of *Monell* and *Castro*, as outlined above, or dismissal will be recommended.

Finally, the court notes that Plaintiff includes discovery requests with his complaint. Discovery at this point is premature. Plaintiff shall serve his discovery on the defendant after service is accomplished and a scheduling order has been entered. Local Rule 26-8 also precludes the filing of discovery requests with the court.

### **III. CONCLUSION**

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**; however, Plaintiff shall pay, through NDOC, an initial partial filing fee in the amount of $10.13, within **THIRTY (30) DAYS**. Thereafter, whenever his prison account exceeds $10, he shall make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk shall **SEND** a copy of this Order to the attention of the **Chief of Inmate Services for the Nevada Department of Prisons**, P.O. Box 7011, Carson City, NV 89702.

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-1).

(3) The action shall proceed on the Fourth Amendment excessive force claim against Officer Sherwood;

(4) The Las Vegas Metropolitan Police Department is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may amend within the parameters of Federal Rule of Civil Procedure 15 and Local Rule 15-1 if he wishes to state a claim against a municipal defendant. If he chooses to amend, he must include a proposed amended pleading (first amended complaint), which is complete in and of itself without reference to the prior complaint. Any claims, allegations, or parties not included in the proposed amended pleading will not be carried forward.

(5) The Clerk shall **ISSUE** a summons for the defendant, and send Plaintiff a copy of the complaint and service of process form (USM-285). Plaintiff has **twenty (20) days** to complete the USM-285 form and return it to the U.S. Marshal to complete service upon the defendant. Within **twenty (20) days** of receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff is directed to file a notice with the court

indicating whether the defendant was served. If service was not effectuated, and if Plaintiff wishes to have service attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted. Plaintiff should be reminded that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within **ninety (90) days** of the date of this Order. If Plaintiff should require additional time to meet deadlines set by this court, he must file a motion for an extension of time in accordance with Local Rule 26-4. If he requires an extension of time to effectuate service, the motion must be supported by good cause and shall be filed *before* the expiration of the ninety-day period.

(6) Once service is accomplished, Plaintiff shall serve a copy of every pleading, motion or other document submitted for consideration by the court upon the defendant(s) or, if an appearance has been entered by counsel, upon the attorney. Plaintiff shall include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the document was mailed to the defendant or counsel. The court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

**IT IS SO ORDERED**.

DATED: May 10, 2018.

WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE