UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMAL GWYNN,<br><br>                             Plaintiff,<br>     v.<br>PATRICK SHERWOOD,<br><br>                             Defendant. | Case No. 3:18-cv-00129-MMD-WGC<br><br>ORDER |

In this case, *pro se* Plaintiff Jamal Gwynn maintains a Fourth Amendment excessive force claim for the use of deadly force against Defendant Patrick Sherwood. (ECF No. 3 at 4.) Defendant has moved for summary judgment contending that he was either justified in using deadly force or entitled to qualified immunity for using such force ("MSJ"). (ECF No. 35.) Plaintiff has not responded to Defendant's MSJ. However, before the deadline for such response Plaintiff filed a motion stating that it is difficult for him to obtain evidence for his case—presumably to respond to the MSJ—due to being confined in maximum security prison ("Plaintiff's Motion"). (ECF No. 44.) Plaintiff also requests that the Court permit his mother to submit evidence on his behalf. (*Id.*) On the day Plaintiff's response to the MSJ was due, Plaintiff's mother submitted a manual filing providing a CD with a written notation identifying the CD as relating to Defendant's MSJ ("the CD"). (*See* ECF No. 45 (noting the manual filing).)[1]

///

///

---

[1] To the extent Plaintiff requests that his mother be permitted to obtain evidence on his behalf, the Court notes that nothing precludes Plaintiff's mother from informally assisting Plaintiff in obtaining evidence. However, Plaintiff is responsible for prosecuting this case. As presumably a non-attorney Plaintiff's mother cannot directly make filings on Plaintiff's behalf in this case.

| | |
|---|---|
| 1 | Given Plaintiff's *pro se* status, the Court liberally construes Plaintiff's Motion as a request to conduct further discovery under Fed. R. Civ. P. 56(d).[2] The Court will however deny Plaintiff's Motion because the deadline for discovery expired almost three months before Plaintiff filed the motion (*compare* ECF No. 24 *with* ECF No. 44). *See, e.g., VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986) ("[T]he denial of a [Rule 56(d)] application is generally disfavored where the party opposing summary judgment makes (a) *a timely application* which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.") (emphasis added); *see also Soule v. High Rock Holding*, LLC., 514 B.R. 626, 631 (D. Nev. 2014) (quoting *Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994)) ("The party making a Rule 56(d) request must be able to show that it *diligently* pursued its previous discovery opportunities and show 'how allowing additional discovery would have precluded summary judgment.'") (emphasis added). |

However, because Plaintiff's mother filed the CD before the Court addressed Plaintiff's Motion, the Court will provide the parties with a copy of the CD. The Court will permit Plaintiff an additional 45 days from the date of this order to file a response to Defendant's MSJ. Defendant should address the CD in his reply brief, which will be due within the normal deadline from Plaintiff's filing of his response or the deadline for him to file his response, whichever is later.

It is therefore ordered that Plaintiff's Motion (ECF No. 44) is denied due to the extent of its untimeliness—almost three months after discovery was due.

It is further ordered that Plaintiff will have an additional 45 days to file a response to Defendant's MSJ (ECF No. 35).

///

///

///

---

[2]*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation and citation omitted) ("A document filed *pro se* is to be liberally construed.").

It is further ordered that Defendant's reply will be due within the normal deadline from Plaintiff's filing of his response *or* the deadline for Plaintiff to file his response, whichever is later.

It is further ordered that the Clerk send the warden at Ely State Prison, Ely, NV 89301 and Defendant a copy of the CD (*see* ECF No. 45). Plaintiff may make a request to the warden to view the CD through the normal process available to him.

DATED THIS 23rd day of October 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE